UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATHRYN BAXTER-WHITE,<br><br>　　　　　　　　　　Plaintiff,<br><br>　v.<br><br>JESSICA C. RENTTO, et al.,<br><br>　　　　　　　　　　Defendants. | CASE NO: 10-CV-1954 W (WMC)<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS WITH LEAVE TO AMEND [DOC. 5]** |

　　　On September 20, 2010, Plaintiff Kathryn Baxter-White filed this lawsuit against Defendants California State University ("CSU") and ten individuals (collectively, "Defendants"). Defendants now move to dismiss. Plaintiff opposes.

　　　The Court decides the matter on the papers submitted and without oral. See Civ. L.R. 7.1(d.1). For the following reasons, the Court **GRANTS** Defendants' motion to dismiss. (Doc. 5.)

## I. BACKGROUND

On November 14, 2007, Plaintiff began her temporary appointment as an Accounting Technician to do medical billing at CSU's Student Health Services ("SHS") on the San Diego State University campus. (*Compl.* ¶¶ 16-17 [Doc. 1].) The appointment was set to end on June 30, 2008. (*Id.* ¶ 17.) At the time she was offered the position, Plaintiff was told that "the position being offered was designated as temporary" and that she "would be made permanent in four years." (*Id.* ¶ 16.) On July 1, 2008, CSU reappointed Plaintiff for another year from July 1, 2008 to June 30, 2009. (*Id.* ¶ 17.)

Plaintiff's duties included billing the Family PACT program—a federally funded program to assist low-income patients with contraception and sexually transmitted infections—administered by Medi-Cal. (*Compl.* ¶ 19.) Students at the CSU could seek such assistance at SHS. (*Id.*) When students enrolled in the Family PACT program to receive treatment or contraceptive supplies, they are not billed. Instead, SHS bills Family PACT through its contractor, EDS. (*Id.*)

From July to September 2008, Plaintiff brought several of her concerns to her lead and supervisor at SHS regarding suspected improper or illegal billing practices. (*Compl.* ¶¶ 20–21, 23.) However, they did little to address or investigate these concerns. (*See id.* ¶¶ 21, 23–25.) Thereafter, Plaintiff presented the issues to the acting director of SHS in two memos which also questioned the competency of her supervisor in how he handled these and other issues. (*Id.* ¶ 24–25.)

On September 16, 2008, a meeting was held to evaluate Plaintiff's performance. (*Compl.* ¶ 28.) Eventually, it was decided that "counseling [Plaintiff] to stop investigating things would not work and they instead decided to terminate her." (*Id.* ¶ 29.) The grounds for her termination included working outside her scope of responsibilities, insubordination, and excessive absences and tardiness. (*Id.*) Furthermore, on September 22, 2008, the acting director sent Plaintiff a letter stating that "he was satisfied with the legality of billing." (*Id.* ¶ 30.) And on September 23,

1  2008, an EDS field representative wrote to Plaintiff's supervisor that "the billing
2  practices were compliant." (*Id.*)

3  On September 23, 2008, Plaintiff was terminated. (*Compl.* ¶ 31.)

4  Shortly thereafter, on September 29, 2008, Plaintiff filed an internal complaint
5  with the Vice Chancellor of Human Resources ("VCHR") alleging that she was
6  terminated in retaliation for complaining about the alleged illegal billing practices.
7  (*Compl.* ¶ 34.) After further investigation, the VCHR found that CSU had not
8  retaliated against Plaintiff. (*Id.* ¶ 37.) Plaintiff submitted a written response to the
9  finding. (*Id.* ¶ 29.) However, on March 16, 2009, the VCHR found again that CSU
10 had not retaliated against Plaintiff in a Final Letter of Determination. (*Id.* ¶ 40.)

11 On June 9, 2009, Plaintiff filed a civil complaint in San Diego Superior Court
12 against defendants CSU, Thomas Wilson, Joanne Stroud, and Shelby Stanfill that is still
13 pending. On September 20, 2010, Plaintiff filed this civil complaint against the same
14 defendants as well as seven additional individual defendants asserting claims for
15 violation of 42 U.S.C. § 1983, injunctive relief for violation of 42 U.S.C. § 1983, and
16 declaratory relief. Defendants now move to dismiss the complaint, and Plaintiff opposes.
17

18 **II.   STANDARD**

19 The court must dismiss a cause of action for failure to state a claim upon which
20 relief can be granted. Fed.R.Civ.P. 12(b)(6). A motion to dismiss under Rule 12(b)(6)
21 tests the complaint's sufficiency. See N. Star Int'l v. Ariz. Corp. Comm'n., 720 F.2d
22 578, 581 (9th Cir. 1983). All material allegations in the complaint, "even if doubtful
23 in fact," are assumed to be true. Id. The court must assume the truth of all factual
24 allegations and must "construe them in light most favorable to the nonmoving party."
25 Gompper v. VISX, Inc., 298 F.3d 893, 895 (9th Cir. 2002); see also Walleri v. Fed.
26 Home Loan Bank of Seattle, 83 F.3d 1575, 1580 (9th Cir. 1996).

27 As the Supreme Court has explained, "[w]hile a complaint attacked by a Rule
28 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's

obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." <u>Bell Atl. Corp. v. Twombly</u>, 127 S.Ct. 1955, 1964 (2007). Instead, the allegations in the complaint "must be enough to raise a right to relief above the speculative level." <u>Id.</u> at 1964-65. A complaint may be dismissed as a matter of law either for lack of a cognizable legal theory or for insufficient facts under a cognizable theory. <u>Robertson v. Dean Witter Reynolds, Inc.</u>, 749 F.2d 530, 534 (9th Cir. 1984).

Generally, courts may not consider material outside the complaint when ruling on a motion to dismiss. <u>Hal Roach Studios, Inc. v. Richard Feiner & Co.</u>, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). However, courts may consider documents specifically identified in the complaint whose authenticity is not questioned by parties. <u>Fecht v. Price Co.</u>, 70 F.3d 1078, 1080 n.1 (9th Cir. 1995) (superseded by statutes on other grounds). Moreover, courts may consider the full text of those documents, even when the complaint quotes only selected portions. <u>Id.</u> The court may also consider material properly subject to judicial notice without converting the motion into one for summary judgment. <u>Barron v. Reich</u>, 13 F.3d 1370, 1377 (9th Cir. 1994). For these reasons, the Court **GRANTS** Defendants' request for judicial notice.

### III.   DISCUSSION

In order to prevail on a claim for deprivation of a liberty or property interest under 42 U.S.C. § 1983, a plaintiff must allege: (1) a liberty or property interest protected by the Constitution; (2) a deprivation of the interest by the government; and (3) lack of process. <u>Wright v. Riverland</u>, 219 F.3d 905, 913 (9th Cir. 2000). Defendants argue that Plaintiff's § 1983 claim fails because she does not have a property interest in her employment at CSU, and she fails to sufficiently allege a deprivation of a liberty interest. The Court agrees.

**A.   Plaintiff Does Not Have a Property Interest in Her Employment.**

The Fourteenth Amendment's due-process guarantee applies to public employees who have "a property interest" in the terms or conditions of their employment. <u>Bd. of Regents v. Roth</u>, 408 U.S. 564, 576 (1972). These interests are created "by existing rules or understandings that stem from an independent source such as state law rules or understandings that secure certain benefits and that support claims of entitlement to those benefits." <u>Id.</u> at 577; <u>see also</u> <u>Skelly v. State Pers. Bd.</u>, 15 Cal. 3d 194, 207-08 (1975).

In California, "[a] public employee serving at the pleasure of the appointing authority may constitutionally be terminated without judicially cognizable good case and without a hearing." <u>Johnston v. Cal. State Univ. & Colls.</u>, 151 Cal. App. 3d 1003, 1008 (1984); <u>see also</u> <u>Flanagan v. Benicia Unified Sch. Dist.</u>, No. CIV. S097-333 LKK/GGH, 2007 WL 4170632, at *6 (E.D. Cal. Nov. 19, 2007) (citing <u>Kavanaugh v. W. Sonoma Cnty. Union High Sch. Dist.</u>, 29 Cal. 4th 911, 917-18 (2003) ("Under California law, a temporary employee can be summarily discharged from her employment.")). Though an employee may be protected by statute or other legislation that prohibits her removal except for cause and entitles her to a hearing, these protections may be superseded by collective bargaining agreements for public university employees pursuant to the Higher Education Employer-Employee Relations Act. Cal. Gov't Code § 3560(b); Cal. Educ. Code § 89531 (providing that the memorandum of understanding controls over provisions of law in conflict); <u>see</u> <u>Prof'l Eng'rs in Cal. Gov't v. Schwarzenegger</u>, 50 Cal. 4th 989, 1017 (2010) (clarifying that memoranda of understanding are "the public sector equivalent of collective bargaining agreements"). Thus, constitutionally protected interests can be created not only by statutes, but also by contracts such as collective bargaining agreements. <u>See</u> <u>San Bernadino Physicians' Servs. Med. Grp., Inc. v. San Bernadino Cnty.</u>, 825 F.2d 1404, 1408 (9th Cir. 1987) (stating that "a contract can create constitutionally protected property interest[s]").

In this case, Plaintiff did not have a property interest in her employment as a temporary employee. Plaintiff specifically alleges that CSU employed her in a temporary

appointment. (*Compl.* ¶¶ 16, 117.) However, there is no statute or law that defines the rights for a nonacademic temporary CSU employee. See Cal. Educ. Code §§ 89530 to 89546 (regarding appointment, tenure, layoff and dismissal of California State University employees). Thus, the Court looks to the governing Collective Bargaining Agreement ("CBA") to determine whether it has created a constitutionally protected property interest for a temporary nonacademic employee such as Plaintiff. See Cal. Educ. Code § 89531; Cal Code Regs. tit. 5, § 43825; Cal. Gov't Code § 3560(b).

The CBA provides that "a temporary appointment shall specify the expiration date of the appointment and that *the appointment may expire prior to that date*." *(Req. for Judicial Notice Ex. 2,* CBA § 9.6 (emphasis added) [Doc. 5-2].) The CBA requires *only* that the temporary employee be given notice some time before terminating the employment prior to the expiration date. (*Id.*) Furthermore, permanent status for a temporary employee is subject to serving in a Bargaining Unit Classification for at least four consecutive years before receiving permanent status. (*Id.,* CBA § 9.52.) As an Accounting Technician, Plaintiff was a member of Unit 7 of the California State University Employees Union. (*See id., CBA App. A* at 161.) However, Plaintiff alleges that CSU employed her for less than one year from November 2007 to September 2008. (*Compl.* ¶¶ 17, 31.) Thus, Plaintiff did not qualify for permanent status, and was a temporary employee of CSU at all times subject to termination at any time. Consequently, Plaintiff could have been terminated at any time prior to the end of her appointed term once given notice in accordance to the CBA. Therefore, Plaintiff does not have a constitutionally protected property interest in her employment that arises from statute or the CBA.

//

//

### B. **Plaintiff Fails to Sufficiently Allege a Deprivation of a Liberty Interest.**

1  A liberty interest is implicated if a charge impairs the plaintiff's reputation for honesty or morality. <u>Vanelli v. Reynolds Sch. Dist.</u>, 667 F.2d 773, 777 (9th Cir. 1982); <u>see also</u> <u>Roth</u>, 408 U.S. at 573 ("The termination of a public employee which includes publication of stigmatizing charges triggers due process protections").  The procedural protections of due process apply if: (1) the accuracy of the charge is contested; (2) there is some public disclosure of the charge; and (3) the charge is made in connection with termination of employment. <u>Jones v. Los Angeles Cmty. Coll. Dist.</u>, 702 F.2d 203, 206 (9th Cir. 1983). "If a liberty interest is thereby implicated, the employee must be given an opportunity to refute the stigmatizing charge." <u>Mustafa v. Clark Cnty. Sch. Dist.</u>, 157 F.3d 1169, 1179 (9th Cir. 1998). "Injury to reputation alone is insufficient to establish a deprivation of a liberty interest protected by the Constitution." <u>Ulrich v. City & Cnty. of San Francisco</u>, 308 F.3d 968, 982 (9th Cir. 2002).

In this case, Plaintiff fails to allege that anyone at CSU disclosed any charges relating to her employment that impaired her reputation for honesty or morality to the public. In fact, the complaint is completely devoid of any allegation of any disclosure by CSU to the public. Therefore, Plaintiff fails to sufficiently allege a deprivation of a constitutionally protected liberty interest in her employment at CSU.

Accordingly, because Plaintiff does not have a constitutionally protected property interest that arises from statute or the CBA, and fails to allege a deprivation of a liberty interest in her employment at CSU, the Court finds that Plaintiff fails to sufficiently allege a claim for violation of 42 U.S.C. § 1983. This finding also disposes all of the remaining claims against Defendants.

//
//
//
//

**IV. CONCLUSION & ORDER**

1 | In light of the foregoing, the Court **GRANTS** Defendants' motion to dismiss the
2 | complaint **WITH LEAVE TO AMEND**.  (Doc. 5.)

4 | **IT IS SO ORDERED.**

6 | DATED: June 6, 2011

_____
Hon. Thomas J. Whelan
United States District Judge